FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 08 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 09-cr-253 |
| v. | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| RALPH M. BERTELLE, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of

1

reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On August 14, 2009, Ralph M. Bertelle pled guilty to count one of an eight-count indictment which charged that he conspired to defraud, and to obtain money and property through false pretenses, and for the purpose of executing the scheme: (a) caused mail matter to be delivered by the U.S. Postal Service, and any private and commercial interstate carrier; and (b) transmitted writings by means of wire communication in interstate commerce, in violation of 18 U.S.C. §§ 1341, 1343 and 1349.

Bertelle was sentenced on November 19, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be 21 and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between 37 and 46 months. The offense carried a maximum term of imprisonment of 20 years. 18 U.S.C. § 1349. The guidelines range of fine was from $7,500 to $75,000 . The underlying charges in the indictment were dismissed upon motion by the government.

Bertelle was sentenced to 24 months and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. Restitution was ordered in the amount of $338,027.32 (later reduced on government motion to $265,862.94), payable in the amount of $100 per month

2

beginning one month after the end of defendant's incarceration to Signal Mutual Indemnity Association, Ltd. In addition, the defendant is to forfeit $218,195.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court did not depart from the guidelines and sentenced the defendant under 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant was involved in a serious fraud of the type that greatly increases waterfront industry costs, interferes with the ability of people to obtain jobs in the industry, which has been plagued by fraud. Despite his involvement in this conspiracy, the defendant has no criminal history, is a member of a loving family and exhibited superior performance in a vital and dangerous job. A sentence of 24 months reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in fraud will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that he will engage in further criminal activity in light of his family circumstances, age and remorse.

Jack B. Weinstein

Senior United States District Judge

Dated: November 30, 2009
Brooklyn, New York